# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MAIL BOXES ETC., INC.,** | ) | **CASE NO.  1:06CV289** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **T.C. MAY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J**</u>.:

    This matter comes before the Court upon the Motion (ECF DKT #18) of

Defendants, T.C. May, Inc., Christina L. May, and Anthony J. May ("May"), to Dismiss

for Improper Venue and Abstention, or, in the alternative, for Change of Venue.  For

the reasons that follow, the Motion to Dismiss is denied but the alternative Motion for

Change of Venue is granted; and the above-captioned case is transferred to the

Federal District Court for the Southern District of California in San Diego.

## I. FACTUAL BACKGROUND

    On August 7, 1995, Plaintiff, Mail Boxes Etc., Inc. ("MBE") and May entered

into a written franchise agreement, granting May a franchise to operate an MBE

Center at 14761 Pearl Road, Strongsville, Ohio,  for a ten-year term.  Defendants

May agreed to operate in accordance with the standards in the Operating Manual

and to pay royalty fees, marketing fees and national media fees.  Proprietary

property, equipment and information were made available to franchisees.  Upon

termination, the franchisees were to cease holding themselves out as such; were to

cease using MBE marks; were to assign business and fax numbers and   e-mail addresses to MBE; were to pay all amounts due, and return confidential material; and were to refrain from engaging in a competing business for two years and within a fifty-mile radius of any MBE center (Note: MBE voluntarily reduced the latter condition to a five-mile radius).  The franchise agreement between MBE and May terminated on January 31, 2006, after an agreed extension.

MBE alleges that, despite termination and demands, Defendants continue to operate using MBE marks at the MBE center.  Further, MBE alleges Defendants are in breach for refusal to assign phone and fax numbers and to return proprietary equipment and stationery with logos and marks, and for failure to comply with the non-compete provision of their agreement.  On February 6, 2006, MBE filed this action for preliminary and permanent injunctive relief.

MBE claims injury to its good will and reputation and alleges jurisdiction under the Lanham Act because its registered marks are unique – all of which is not compensable in money damages. MBE filed its complaint for injunctive relief in Ohio because the Defendants and witnesses reside here, and because the crucial events and alleged omissions occurred here.  Moreover, Section 13.08 (F) of the Franchise Agreement reflects Defendants' concurrence that a temporary restraining order and a preliminary/permanent injunction are the preferred avenues of relief for breach of the non-compete clause.  Both parties note that non-compete provisions are void and unenforceable under California law.

Defendants May move to dismiss or transfer venue.  May argues that MBE is a Delaware corporation with its principal place of business in Southern California.

-2-

Further, in 2003, Defendants May and one hundred and fifty others brought suit (*Morgate* litigation) in Los Angeles Superior Court (transferred by consent from San Diego for consolidation) against MBE and its parent company, UPS, for destruction of the MBE franchise brand and business model.  May contends the on-going California litigation necessarily involves the validity and enforcement of the Franchise Agreement terms, drafted by MBE.  Additionally, May directs the Court's attention to Section 18.08 and Section 18.09 of the Franchise Agreement:

> 18.08  The agreement is to be construed under and governed by the laws of the State of California except for any provisions which are unenforceable in California.  Those provisions shall be construed under the laws of the jurisdiction in which the Franchisee conducts its business, if the laws of that state so allow.

> 18.09  The parties hereby consent that venue and jurisdiction for all actions enforcing and/or arising out of this agreement shall be litigated in the City of San Diego, County of San Diego, State of California, U.S.A., to the exclusion of the Courts of any other State or County.

MBE rightfully asserts that trademark actions appropriately implicate federal statutes and, therefore, federal jurisdiction.  The *Morgate* litigation, situated in state court, cannot address exclusively federal matters; and May's claims have not yet been set for trial despite the length of time *Morgate* has been pending.  Since the above-captioned action was not initiated with a Notice of Removal, this is not a remand situation; and the authority to transfer is restricted from this district court to another district court in the designated venue state.

## II. LAW AND ANALYSIS

## Standard of Review

-3-

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This section grants the district court discretion to order transfer after "individualized, case-by-case consideration of convenience and fairness."  *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus."  *Stewart*, 487 U.S. at 29.  The district court must balance the "private concerns" of the parties as well as "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'"  *Stewart*, 487 U.S. at 30.  Further, "[t]he forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration * * * nor no consideration * * * , but rather the consideration for which Congress provided in § 1404(a)."  *Stewart*, 487 U.S. at 31.  As the United States Supreme Court also held in *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955), § 1404(a) allows the district court broad discretion, and the plaintiff's choice of forum is only one factor to take into consideration.  *Id.* at 32.

In the exercise of its discretion under § 1404(a), this Court has thoughtfully considered a number of relevant factors.  Although the franchisees and any witnesses are located in the State of Ohio, Defendants May themselves assert they cannot afford to litigate in Ohio while pursuing litigation in California state court.  They

contend they can continue to prosecute their claim against MBE in California because the costs are being shared by all members of the class.  If this matter were transferred, scheduling and travel arrangements for parties and counsel could be coordinated between this case and the *Morgate* litigation.  Certainly, the accessibility of sources of proof is important; yet, the Court recognizes that the bulk of the proof here would be documents and the testimony of the franchisees.  Documentary evidence can easily be reproduced electronically for use in California.  Significantly, the resident Ohio franchisees are seeking the transfer of this case and are not asserting that a transfer to California would be overly costly nor burdensome.  The expense, expediency, congestion of the courts, local state interests and familiarity with applicable law are all on balance, with no one factor tipping the scales decisively for Ohio or for California.  This Court acknowledges MBE's choice of forum, and its reliance on the principle that public policy favors preserving the sanctity of contractual relations.  Nevertheless, that very principle militates against MBE's position  — since transfer to California would be clear recognition of the contracting parties' wishes regarding venue, jurisdiction and choice of law as outlined in Sections 18.08 and 18.09 of their Franchise Agreement.

MBE drafted the language and terms of the Franchise Agreement, which is, for the most part, a pattern contract used throughout the United States.  Just as an exception was created for the applicable law in Section 18.08, MBE, whose principal place of business is California, could have carved out the proviso that any action to enforce the non-compete clause would be brought in the state in which the franchisee is domiciled.  The Court will not interfere, nor modify the intent of the

parties as evidenced by their binding, written contract.

The supporting documentation, submitted by May, informs the Court that other federal district tribunals have denied MBE injunctive relief, and have either dismissed, or transferred similar actions to California. In a New Jersey District Court case (#06-507), *MBE v. Senoff*, District Judge Mary L. Cooper observed in a February 21, 2006 telephone conference: "When the franchise agreement is drafted by the franchisor, and contains an unequivocal forum selection clause, it hardly benefits the franchisor to go around the country after issue is joined in such extensive litigation as now pending in Los Angeles * * * to go around the country as this plaintiff is doing and suing each individual ex-franchisee for alleged violation of any non-compete clause or other post-termination obligations. To do so under the banner of the Lanham Act is inexplicable forum shopping * * * "

This Court will not attribute such vile motives to MBE in this case, but will rule so as to honor and give binding effect to the contractual obligations of both MBE and May.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1404(a), upon due consideration of all of the relevant venue factors, and in the interest of justice, the Motion of Defendants, T.C. May, Christina L. May and Anthony J. May to Dismiss is denied; but their alternative Motion for Change of Venue is granted. The above-captioned case, therefore, is transferred to the Federal District Court for the Southern District of California in San Diego.

**IT IS SO ORDERED**.

**DATE:   August 28, 2006**


 s/Christopher A. Boyko 
**CHRISTOPHER A. BOYKO**
**United States District Judge**